The second case of the day is Carmody v. Thompson for the appellant, Mr. Petrolos, did I pronounce that correctly? Yes. And for the appellee, Mr. Brinkman. You may proceed. May it please the court. I want to thank the court for bringing to attention the case Wozniak v. Concord. I believe this case and the other cases that the defendants have cited is distinctive from the facts of this matter. The plaintiff, Mr. Carmody, in his complaint, alleges malicious acts done by the defendant that make this case distinctive from Wozniak. When an employee acts maliciously, as stated in Management Association of Illinois v. the Board of Regents, they are no longer acting within the scope of their employment. The allegations in Mr. Carmody's complaint are more than sufficient to show that the defendant, Mr. Thompson, was acting outside the scope of employment, which then detaches any liability of the University of Illinois and therefore means the circuit court is the proper court of jurisdiction, not the court of claims. On Wozniak, though, the complaint was that false accusations were made, knowing that they were untrue or that the person making the statements acted with reckless disregard and they related to sexually harassing a female employee and other events. How is that different? Well, in Mr. Carmody's complaint, he alleges sufficiently that Mr. Thompson made those statements for his own personal gain. Looking back at Mr. Thompson's... Upon information and belief, there was some financial connection. Well, on the information and belief, that only goes to the allegations that there was a business relationship between Mr. Goldberg and Mr. Thompson. But the allegations that go directly to the malicious acts of Mr. Thompson are pled not with upon information and belief. It's pled that he acted on his own personal interest to retaliate against Mr. Carmody for filing a lawsuit against Mr. Thompson's friend and business partner, David Goldberg, in litigation that has nothing to do with this. Mr. Thompson had the opportunity to make knowingly false statements to harm Mr. Carmody for his own personal benefit. The allegations in Blasek do not touch upon any allegations of acting malicious, acting out of personal interest, outside the interest of the state there, the university. That's where the distinction is in this matter. There are sufficient allegations saying why the defendant acted outside the scope of employment. The numerous cases cited by the defendant, there's no allegations on the reasons why and why it was outside the scope of employment. The defendant, in his motion to dismiss at trial level, needs to satisfy the Lohman test. The Lohman test is a two-level test. If the defendant satisfies either level, the proper defendant is the state actor, and in this case would be the University of Illinois. But the defendant failed to meet both levels of the Lohman test. The first level has three elements. The defendant must meet all three elements. If one element is not addressed or absent, that first level of Lohman is not satisfied by the defendant. In the defendant's motion to dismiss, they failed to address the second element of Lohman, which is whether the duty that was breached, was it owed generally to the public or was that duty owed upon the plaintiff given the defendant's position with the state. That's not addressed in the motion to dismiss. It was raised briefly in the oral arguments for the motion to dismiss. Their defendant's counsel conceded that there is a duty owed to the general public to refrain from defaming them, because this second element wasn't met by the defendant. Well now Wozniak talks about that. Wozniak's basically a defamation case. It is a defamation case, but it failed on its pleadings to show that the defendant acted outside the scope of his employment. But you're saying now that he has a duty just like everybody else in the world not to defame people? Right. And that has been, there's a court of claim. But that would have been true in Wozniak. Well, that it would be true, but there's the second level of Lohman where if the defendant can meet that, then the state is brought in as a defendant. And also in the motion to dismiss by the defendant, he never addresses that second level of Lohman. Because Wozniak addresses it, and it is discussed in the appellate briefs, I'll briefly go into the discussion why the defendant fails to meet that level. The second level of Lohman is whether the relief sought by the plaintiff subjects the state to certain actions or controls, or subjects it to liability. Here, the allegations in the complaint do not do that. Wozniak is clear on that second level of the Lohman test. It says, a state will not be subject to the liability of its employees if that employee acts unlawful, does something unconstitutional, or outside the scope of authority. The reason why for that, in essence, means he's no longer acting in the scope of his employment, and the state should not be the defendant brought into the matter. Right. But would it be within the scope of somebody's employment to defame an employee? Would it be within the scope? I would say knowingly defame. Here, we have alleged it was personal, it was malicious. No, that would not be in the scope to defame, because it was willfully done. It's unlawful to defame somebody. Right. It's unconstitutional. But that was the claim in Wozniak. I'm failing to see your distinction. The distinction is, in reviewing the complaint in Wozniak, there's no allegations that the defendant acted maliciously or outside the scope of his employment. That complaint is not part of the record, but we did review that complaint. Here, we have alleged that the defendant gave knowingly false statements to defame the plaintiff in an effort, not for the school's interest, for his own personal interest, to retaliate against the plaintiff, because the plaintiff filed a lawsuit against the defendant's friend. It had nothing to do with his employment. This brings up a policy issue. If we allow public employees to hide under the guise of, well, I'm working for the state, or I'm going to hide behind my office, we're divesting the plaintiff, the proper court, to hear their claims. As Wozniak says, if there's something that's unlawful, unconstitutional, or outside the authority, it detaches the state. The state should not be brought in cases where an employee of theirs does something maliciously and outside the scope of their employment. The purpose of the statements made by Mr. Thompson were to harm my client for retaliation, and it was done maliciously. It was not to further the interest of the school. That's why the school should be divested. I'd like to address another case, which is similar to the facts here. It's O'Connor v. Smith. It is brought up in our brief. It was a court of claims case. Similar facts here. It was a state employee suing another state employee for defamation. The court of claims dismissed it. It said that action for defamation is proper in the circuit court. Unlike the trial court here, which didn't effectively apply the Lohman test, in the O'Connor case, the Lohman test was applied. They had several findings. They found that the duty to refrain from defamation is a duty owed by all. It's not independently created by the defendant's employment there. Two, they found implicitly through the allegations from O'Connor's complaint that the defendant was acting outside the scope of his employment. Here, in Carmody's complaint, the plaintiff's complaint, it is explicitly mentioned that the defendant was acting outside the scope of his interest to benefit his own interests. Those allegations are backed up by further allegations that it was done to retaliate against Mr. Carmody because he filed this lawsuit against Mr. Goldberg. That's where this case differs from Wozniak and some of the other cases that the defendant has mentioned. Those cases, like the defense has mentioned, doesn't go into the why or ties how they're acting outside their scope. But in O'Connor, if the court in the court of claims could find implicitly that the defendant was acting outside the scope, this court should be able to find that also given that these allegations were explicitly made in the complaint. With a motion to dismiss, all allegations have to be taken true in favor of the plaintiff and all reasonable inferences. Given the relationship between the defendant and Mr. Goldberg and the allegations that the defendant knowingly made false statements. He knowingly made them to serve his personal interest. The same allegation in Wozniak. The exact same allegation. Knowingly made false statements. Well, again, in Wozniak, they could look at the second level of the Loman test to see if the state should be brought in the case. Here, in Loman, it's on the defendant to meet those two levels, not the plaintiff. But the complaint does suffice in that. We do have those allegations here. Now, the defendant tries to cause a diversion with these actions. It's dispositive when a defendant doesn't meet that first level of Loman and that second level of Loman, the analysis stops. It's on the defendant to meet that. The defendant hasn't met either. The diversion is they go and address the two remaining elements of Loman. It's a diversion. The complaint clearly states that the allegations, the defendant was acting outside of the scope of employment. If somebody just willfully, a public employee, just makes knowingly false statements for his own interest, he's not acting in the interest of the state. As the case I mentioned, Management Association of Illinois v. The Region reports, and also another case, Hoffman v. Yack, it says when malicious acts are done by an employee, they're not done in the scope of employment. We allege that with the knowingly false statements. In Wozniak and those other cases, those two allegations aren't there. In this case, they are there. That's where the distinction lays. That's why the trial court erred. That's why this matter should be in the circuit courts and not in the court of claims. What about the fact that you don't plead any facts in the complaint to show whatever this revenge is or the economic relationship between the parties? Well, that's upon information and belief. And we still address this issue. That means you don't have facts that you're alleging, right? Well, that isn't defective in this complaint. We address several cases that deal with this type of issue when somebody pleads a civil conspiracy matter. In a civil conspiracy, the plaintiff is not going to have all the facts behind that conspiracy just because of the nature of the relationship in the conspiracy the plaintiff is not privy to. The plaintiff is not privy to the financial relationship between Goldberg and the defendant. But you're claiming that's the whole reason for him taking the action to terminate your claim. It is a reasonable inference on that. And this goes to our next issue that we brought on in appeals. Well, it seems like you have to have some facts for that. The facts are? We're a fact-pleading state, right? And I agree. And that's why the courts have held in Cohen v. Smith that it is proper in a fact-pleading state to plead upon information and belief. It's a Fifth Circuit case from the Court of Appeals. It addresses that issue. The plaintiff should not be prejudiced because he doesn't know all the facts in the business relationship. The real issue here is the knowingly false statement. As the complaint alleges, the defendant knew that the investigative report was false and the statements in the termination letter were false. But moving on to the next issue, which kind of gets back to your point, we believe we sufficiently pled that complaint. The lower court did not. At that time, we asked to amend the complaint. And we believe we should have the right to file a motion for leave to see whether we can amend the complaint. The Circuit Court did not look at the factors that the trial court should look at in determining whether an amended complaint should be granted. One of the factors is, does it cause undue surprise or prejudice to the other party? No. When the motion to dismiss was denied by the trial court, I asked right there, can we have leave to amend the complaint? There was no undue surprise to the other side. Was it timely? Yes, it was timely. It was almost instantaneously when the motion to dismiss was granted. Another factor that the court should look at to see whether the trial court views its discretion, has the plaintiff filed previous amended complaints? The plaintiff has not. This would be the first amended complaint. Under the case, Loyola Academy v. SSS Roofing, which lays out these four factors, it also says the Illinois Supreme Court should give deference to a reasonable chance to amend a complaint. And that's what we're asking for here. And the fourth factor is, can you cure the defective complaint? We could cure it here. As I said, we believe it's sufficient enough. But we can go and add the allegations to keep this matter or bring the matter back in the Circuit Courts. Also, in another case, in Reheron Consulting, it says before a court can either deny or grant a motion for leave to file an amended complaint, it must review the proposed amended complaint. Here, the trial court didn't do that. I had asked for it at the hearing, can we have leave to file our amended complaint to cure the defects? The trial court said no. The court never reviewed an amended complaint. That's improper as a matter of law. That's an abuse of discretion. Thus, we should have been able to at least have the opportunity to submit a proposed amended complaint and have the judge rule based on that. Now, if you would have granted it, you would have filed the amended complaint. If not, maybe you'd be here, maybe you weren't. But that's what should happen. Another point that I do want to address here with my time is going back to that public policy issue. The plaintiff here has worked 22 years in this position, or over 20 years with the State of Illinois. He should be able to seek justice when another State employee knowingly and willfully makes false statements to defend his own personal interest and not the State's interest. But the dismissal doesn't cut him off from any remedy. He just has to get it in the Court of Claims. Well, the Court of Claims would not be proper here. As the case that I mentioned earlier, O'Connor v. Smith, similar facts. State employee sues another State employee for defamation. The Court of Claims says this is not proper. This needs to go to the Circuit Court. In a distinction from that case and this case, the allegations implicitly allege that the defendant was acting outside the scope of his employment. Here, we expressly allege it. It was malice. It was personal interest. It was retribution. Though we don't exactly put retribution in there. It's a reasonable inference. But there's always malice with defamation, right? Well, no. In defamation, there could be negligence, which wouldn't be malice. It could just be, you know, in a different defamation case, it's just negligence. Here, it was willful. It was purposely to harm my client, to serve his interests. Definitely not to serve the State's interests. If it's not serving the State's interests, the State should not be brought into these actions in the Court of Claims. Why should the State use taxpayers' money to defend a matter where an employee acts clearly outside the scope of his employment? So, in conclusion, the lower court erred in granting the defendant's motion to dismiss. As mentioned previously, the defendant must satisfy the two levels addressed in the Lowman test. The first level requires three elements all to be met. If one element is not met, that first level can't be satisfied by the defendant. It is clear in the defendant's motion to dismiss that that second element was never addressed. That first level of analysis fails to the defendant. The second level of analysis is whether the relief sought by the defendant seeks to control the actions of the State or subject the State to liability. Again, that specific issue was not addressed in the motion to dismiss. Thus, it's positive that the court should not have granted the motion to dismiss. That being said, Wiesenach says if a State employee acts unlawfully, illegally, unconstitutionally, or outside his authority, that detaches the State from liability. The plaintiff's complaint sufficiently meets these allegations. Thus, the lower court should be reversed and the motion to dismiss be denied. Finally, we ask for leave to amend the complaint. The lower court abused its discretion by denying it. It didn't even allow the plaintiff a chance to send a proposed amended complaint to see if it cured the defects and just unilaterally dismissed it. Thank you. Thank you, counsel. Mr. Brinkman? Thank you, Your Honor. May it please the court? This is a case that goes to the core of the State's ability to control its own affairs. The plaintiff does not dispute that the defendant, Charles Thompson, was his lawful supervisor in this employment situation. At page 5 of the reply brief, the plaintiff concedes that a properly drafted termination letter and transmitting a properly drafted termination letter would be within the scope of the authority of the defendant. The termination letter, whether or not the defendant had improper motives, was clearly implementing an employment decision. It was implementing a decision that had been recommended by the Human Resources Department of the University. It was a managerial act that the defendant was authorized to carry out by reason of being the supervisor of the plaintiff. To allow a personal suit against this supervisor, an employee of the State, would act to control the actions of the State because it would affect the way supervisors make employment decisions. It would affect the way supervisors communicate, similar to the Wozniak case. And for that basic reason, this case belongs in the Court of Claims. Now, the facts of this case are important. First, this case concerns matters solely related to the plaintiff's employment. He worked in the Office of Information Services. The University brought charges and conducted an investigation as to whether he had improper access to emails of other persons and whether he used those emails improperly. The defendant participated in that investigation, but the findings made in that investigation, the conclusions made in that investigation, and the recommendation for termination made in that investigation was by others, not by the defendant. The others being the Human Resources Department, the team that that department put together. The defendant carried out the recommendation for termination in jointly authorizing the termination letter, which stated what the findings were on the investigation and notified the plaintiff that he was being terminated. If you look at the termination letter, which is part of the record, there is nothing in that letter that is defamatory. There is nothing in that letter that evidences improper motives. And so the plaintiff in the complaint was left with characterizing and pleading conclusions with respect to the statements made in the termination letter. The conclusionary allegations of malice are immaterial under the case law where the defendant is acting within the bounds of his official authority as plaintiff's supervisor and as the director of information services in this case. Now the plaintiff is focusing the argument on the claim that there is no sovereign immunity because the duty to refrain from defamation, the duty to refrain from interference with contract, is a duty owed to the general public. And as such, the defendant acted outside of the scope of employment. These same arguments were made and rejected by this court in the Kelly v. Steubing, in the Jackson v. Alvarez case, and also in the Wozniak case. In the Kelly v. Steubing case, a state employee was removed from his duties as a healthcare employee. The court found that the defendants were acting within the scope of their authority as supervisors and removing him as an employee and that personal animosity, and the court expressly states this, personal animosity is immaterial. Can I just ask you a question? How come the attorney general's office isn't representing your client as a state employee? The university typically does not use the attorney general's office when it gets sued. So private firms outside counsel are hired for federal court cases, for state court of claim cases, and for circuit court cases throughout the state. Okay, thanks. But in the Kelly v. Steubing case, the court stated that although the duties to refrain from intentionally interfering with contracts and inflicting emotional distress are owed to the general public, McKelley alleges no facts from which it may be inferred that defendants breached their duties for reasons other than what they perceived to be the best interests of the mental health department in that case. We have a similar situation here with the conclusionary allegations. There's no facts pleaded that show that the defendant, Mr. Thompson, acting as supervisor, was doing the termination letter, doing what he did for reasons other than carrying out what he thought was his duties of employment. In the Wozniak case, I think that case is quite clear and on point. That case expressly stated that it does not matter whether it's alleged that the statements were knowingly false. In Wozniak, the court held that even though there is a duty to refrain from intentional interference with contract, if a judgment for plaintiff could control the state's actions, the suit is against the state. And goes on to articulate how a judgment in that case where the plaintiff was removed as a teacher and assigned to duties in the World Wide Web by the defendant, if the suit was allowed to proceed in state court, that would affect and control the actions of the state because it would impact on how supervisors carry out their duties in supervising employees. And the court stated in the Wozniak case that the threat of private suits against supervisors for work-related statements about those under their authority clearly would affect the way supervisors communicate, allocate tasks, and make employment decisions. Accordingly, when a supervisor for a state department or entity is sued by an employee for statements regarding the employer's work-related conduct and pending personnel decisions, the suit necessarily threatens to control the actions of the state. It does not matter if, as here the plaintiff alleges, the statements were knowingly false. The relevant inquiry, instead, is whether the supervisor would be acting within the scope of his duty by making truthful statements of the general type alleged. That's what the Wozniak case holds. I think that the plaintiff is oversimplifying this case by failing to distinguish between work-related statements and non-work-related statements. The Hoffman v. Yak case was a case involving, I believe, Southern Illinois University. The defamation case, intentional infliction of emotional distress, I believe, was also alleged. Intentional interference with contract. In that case, the statements were not work-related cases. They were slanderous statements that were made, but they had no relationship to an employment context. In this case, as in the Wozniak case, the statements that are described in the complaint in the termination letter are statements that are made in the employment context with regard to the performance of the plaintiff in this case. In the Jackson v. Alvarez case, a claim was made of willful and wanton misconduct in violating a state health center's rules. The court held that by breaking workplace rules or performing duties with willful and wanton indifference, employees do not necessarily act outside the scope of their state employment. The court noted in that case that Section 8D of the Court of Claims Act does not distinguish between tort claims based on negligence and those premised on willful and wanton misconduct. For that reason, the court held that the jurisdiction was improper in the circuit court and should be in the state court of claims. Again, here, the defendant was involved in an employment decision. It was within his role as the supervisor of the plaintiff and his position as the director of information services. This investigation directly pertained to information services emails at the university. His motives are immaterial under the case law. The central point here is that the defendant engaged in a managerial act as supervisor of the plaintiff. His acts were within the scope of his authority and a suit versus him in state court would control the actions of the state. The other issue raised is the issue on leave to amend. This is a matter of discretion with the trial court. It will not be reversed unless there is an abuse of that discretion. Here, the court found that there was no set of facts that could be pleaded in an amended pleading that would confer jurisdiction on the circuit court. The court did that by questioning counsel in the court at the time that counsel raised this. Counsel didn't inform the court that he was going to file some suit involving another type of claim. In other words, for example, some claim that did not involve termination of employment contract. So long as this case involves termination of employment contract, there are no set of facts that would confer jurisdiction on the circuit court because the defendant was the supervisor of the plaintiff and his conduct in terminating the plaintiff was in the course and scope of his authorized duties. If the plaintiff said that he was going to sue the defendant in an amended complaint for telling his neighbor that he robbed a bank, that's a different story. Perhaps an amended complaint would be permissible or should be considered in that context. But as long as this is a case about termination from employment, the court ruled properly in denying leave to amend because there are no set of facts that would confer jurisdiction on the circuit court. Thank you. May it please the court. The first issue I'd like to address, the defendant's counsel mentioned the relief sought by my plaintiff would control the actions of the state. That is not true. We're not asking, as we had mentioned in our brief, that they change their procedures, that they can't talk about employees. We're not asking for that. We're just asking for compensatory damages from the defendant and that's it. We're not asking for the state here at the school to change its procedures. We understand that. Seeking compensatory damages from a defendant does not control the state in that action. We understand that that's what we want. We don't want the state to change anything that they're doing. Another issue I'd like to address is the defendant's counsel mentioned that there was no malice in the termination letter with the statements. In most defamation cases, you're not going to see the malice on the false defamatory statements. There's background behind that and that's what our complaint alleges. And I want to go to the point where the defendant's counsel mentioned the two allegations that were upon information and belief. But those allegations do not rely on the establishing malice in the complaint. As I mentioned before, yes, Illinois is a flat pleading state, but pleading on information and belief is permissible. A plaintiff is not required to allege facts within the precision and information necessary within the defendant's control. That's what we did here. Another case that the defendant mentioned was the Kelly case, stating that personal animosity is immaterial. In that case, I think it's distinguished. Just here, we're not just alleging that there's personal animosity or inferring that there's personal animosity that, well, Mr. Thompson just didn't like Mr. Carmody. I'm firing him. We lay out the specific interests that Thompson was trying to protect. Did Mr. Thompson make the actual decision to terminate? I believe he was part of it. He sent the termination letter. He was part of the investigation. How many people were involved in deciding that your client should be terminated? I know that Mr. Thompson was part of it. I do believe he gave his input on that. I do not know if he was the final person on that. But the issue here is in that termination letter is the false and defamatory statements. It was published to third parties. It's in the plaintiff's personnel file. People can see these false statements. It could harm his employment for the rest of his life. As we know, in defamation claims, damages are presumed. They don't have to be proven. Now, to my last point about amending the complaint. Yes, I was there at the lower court. They asked me, well, what allegations can you add? I admit, I'm not a magician. I'm not a conjurer. I couldn't come up with them right on that point. But the law is clear. That does not deny my client an opportunity to have the right to amend his complaint. Or at least ask the court to look at a proposed amended complaint, review it, and then make its decision from there. Thank you. Thank you, counsel. We'll take this matter under advisement and stand in recess until 1 o'clock.